## BILEK ET AL. v. BROZ.

*Landlord and tenant—Specific performance decree ripened into lease—Tenant not entitled to possession in his action in ejectment—Without tendering rental and bond as provided in original contract.*

Where owner repudiated contract to lease property and construct building thereon for tenant, notwithstanding that decree for tenant in his suit for specific performance ripened into a lease as between the parties, tenant was not entitled, in his action in ejectment, to possession of the property without first tendering rental' and bond as provided in the original contract.

(Decided September 19, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Payer, Minshall, Karch & Kerr,* for plaintiffs in error.
*Mr. George Palda,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county, in which court a verdict was rendered in favor of the defendant in error, John S. Broz, plaintiff below, awarding recovery of the possession of real estate described in the petition and damages for its retention in the sum of $2,500. A motion for a new trial was overruled and exceptions taken, and error is prosecuted to this court to reverse the judgment.

In order to properly understand the scope of this decision, it is necessary to revert to a somewhat singular transaction. From the record we learn that in March, 1924, a written contract for a lease

was made between the plaintiff below and the defendants, whereby the defendants below, Karl Bilek and Anna Bilek, the plaintiffs in error here, the owners of certain real estate described in the petition, bound themselves to make a lease with the defendant in error, the terms of which lease were set up in the contract, for a term of fifteen years from July 1, 1924, at an annual rental of $200 per month for the first five years, $250 a month for the second five years, and $300 a month for the third five years, the lessee to enter into a bond in the sum of $5,000 to guarantee the things set up in the contract, and the lessor to construct a building, as described in the contract, upon the terms described therein, and have the same done prior to July 1, 1924. The lessee was to have the said building insured, and certain other things are mentioned in the contract which the lessor and lessee were to do.

Prior to July 1, 1924, it seems that the defendants repudiated that contract and refused to go forward with it, whereupon the plaintiff brought an action upon the contract for specific performance in the common pleas court of Cuyahoga county, and afterwards, during the year 1924, such proceedings were had as resulted in the trial of said action, issues having been made up, which trial resulted in a decree of specific performance in favor of the plaintiff against the defendants, ordering them to make this lease in accordance with the terms of this contract within a period of five days from the entry of judgment, which was on the 28th day of May. The five days expired on the 3d day of June, 1924, the defendants still neglecting and refusing to sign the contract of lease. Whereupon the defendants appealed the action to the Court of Appeals, where said appeal was subsequently dismissed, and this

judgment thereupon became a binding and subsisting judgment in favor of the plaintiff below in said action against the defendants, and operated to all intents and purposes as the lease between these parties.

The journal entry contained, in brief, the provisions of the contract that the lessee should pay in advance $200 rent for the first five years, $250 for the second five years, and $300 for the third five years; that the lessee should give a bond, either a personal or surety bond, in the sum of $5,000 to guarantee the performance of the things specified in the contract, and that the lessor should build the building in accordance with the terms of the contract.

Thereafter the lessor refusing to give possession of the property, the plaintiff below, defendant in error here, brought an action in ejectment to recover possession of the property and for damages for its retention.

The original petition contained other causes of action, to wit, for damages and for specific performance of the contract.

An amended petition and a second amended petition were filed, and in the second amended petition it seems everything had been abandoned except the action to recover possession of the property and damages for its retention. The issues were made up by the answer and reply, and the case went to trial before a jury in the common pleas court, at which trial a jury brought in a verdict for the plaintiff below, the defendant in error here, for the recovery of the possession of the premises described in the petition and for $2,500 damages for its retention, and it is to reverse that judgment, both as to the possession of the property and dam-

ages for its retention, that error is prosecuted here.

The issues are somewhat complicated, because it seems to be a rather novel procedure, and we are inclined to think that the novelty of the issues presented rather confused and misled the learned counsel in the case. Now it must be remembered that, after the judgment in the specific performance case was rendered, and the defendants below had refused to sign the lease in accordance with the contract entered into between the parties, which the court found in all respects to be a valid and subsisting contract, and that the lessee had performed all and singular what he was called upon to perform, or was excused from nonperformance because of the attitude of the lessor in the premises, the journal entry entered in this case became and was the lease between the parties, and under that lease the plaintiff in the ejectment case, defendant in error here, was entitled to the immediate possession of the property. This having been refused, an action at law was commenced, and recovery had, as already stated.

The principal ground of error, and the only one that we need to consider here, is this: Could the plaintiff in the ejectment suit recover the possession of the property without tendering, or offering to tender, the rent that would be due for the property? Now it must be remembered that by virtue of this journal entry, which as already stated is the lease, the rent became payable in advance, and the plaintiff below, the lessee, was compelled to execute a bond, either a surety bond or a personal bond, in the sum of $5,000, to guarantee the faithful performance of his obligations under the lease. As already stated, by virtue of the judgment of the court in the specific performance case, the plaintiff

below, the defendant in error here, was entitled to the possession of that property.

Under what terms was the plaintiff entitled to the possession of the property? Why manifestly on the theory that he pay the rent in advance and that he give as a condition precedent the bond that was required. It is true that the building had not been erected, and it is true that the lessor had stated that he would not erect the building. It is argued that this refusal to perform the terms of the contract upon his side would obviate the necessity of the plaintiff below tendering or offering to tender the things that were to be done upon his side, and we fear that in this respect the complications of the case misled counsel as to what their rights and duties are.

All the authorities that have been cited, so far as we observe, would relate to the right of tendering or offering to tender in the *original* transaction, and we apprehend that that was pleaded, and it was found to be unnecessary to make the tender in the original action because the lessor, the defendant below, had refused to comply with the terms of his contract, and the lessee was not called upon to do a vain or foolish thing, so he necessarily need not make a tender before he got a judgment, but we must bear in mind as we go by this situation that the plaintiff below had recovered a judgment, which judgment had ripened into the lease itself.

The plaintiff is seeking to get possession of the lease without paying rent or doing anything on his side to be done as a condition precedent, and the question can readily be determined by the following example:

Suppose that the lessor sells this property under

a contract of sale for $10,000, to be paid in cash, and then refuses to perform his contract. A suit for specific performance of the contract is brought. We will omit the question as to tender, etc., in the original suit, but a judgment is rendered in favor of the plaintiff below, the purchaser, for specific performance, and a decree is entered finding that he is entitled to specific performance, and the defendant is ordered to deed the property over to him within five days. If he does not do it the decree shall operate as the transfer of the title. Subsequently, the defendant below refuses to transfer this property. Under this journal entry, the judgment of the court, the title of that property is transferred to the grantee, and the grantee then brings an action in ejectment to recover possession of the property. Does any one say for a moment that he could recover the property without tendering or offering to tender the purchase price of the property? It would seem that the answer is so manifest that but one conclusion could be reached.

If that is true in a sale, it is equally true in a lease. Here, instead of the entire property, the fee simple, being sold, a lease for a term of years was sold for a specific price, payable in advance each month, and the effort was made by the plaintiff to recover possession of the land without in any way tendering or offering to tender the money that would be due from the plaintiff to the defendants, without in any way tendering or offering to tender the bond to carry out the faithful performance of the conditions of the contract. Of course he could not insure the building, inasmuch as it was not erected, but the other things to be done by the lessee were within his power, and it was his duty

to perform them before he could get possession of this property. So much for that proposition.

We have gone over this entire record, heard the arguments of counsel, and familiarized ourselves with the briefs, and have come to the conclusion that the judgment of the court of common pleas must be reversed and the case remanded to said court, for the reason that the plaintiff below, defendant in error here, could not maintain his suit and get possession of the property without tendering or offering to tender the things that were to be done on his side.

It will be unnecessary to discuss the question of damages, because the case must be reversed and remanded for new trial on the ground already stated.

*Judgment reversed and cause remanded.*

SULLIVAN, P. J., and LEVINE, J., concur.